| UNITED STATES DISTRICT COURT | WESTERN DISTRICT OF TEXAS MIDLAND/ODESSA DIVISION |
|---|---|

| | | |
|---|---|---|
| JOSHUA GALINDO, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| *Plaintiff(s)*, | § § | |
| v. | § § | No. __7:20-cv-00260__ |
| COMPLETION EQUIPMENT RENTAL, INC.; RICHARD PRUDHOMME; and ASHLEY PRUDHOMME-DINSDALE, | § § § § | |
| *Defendant(s)*. | § § | |

## PLAINTIFF JOSHUA GALINDO'S ORIGINAL COMPLAINT

Plaintiff Joshua Galindo (referred to as "Galindo") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants Completion Equipment Rental, Inc. (referred to as "CER"), Richard Prudhomme (referred to as "Prudhomme") and Ashley Prudhomme-Dinsdale (referred to as "Dinsdale") (collectively referred to as "Defendants") who worked as field service technicians during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1.     Galindo's claims arise under the FLSA.

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3.      To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4.      CER, Prudhomme, and Dinsdale violated the FLSA by employing Galindo and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5.      Defendants willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

6.      Galindo brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants who worked as field service technicians during the past three years.

## II.  Jurisdiction & Venue

7.      This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8.     Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Galindo's claim occurred in this district and division. 28 U.S.C. § 1391(b)(2).

### III.  Parties

9.     Galindo is an individual who resides in Ward County, Texas and who was employed by CER, Prudhomme, and Dinsdale during the last three years.

10.     CER is a Texas corporation that may be served with process by serving its registered agent:

> Richard A. Prudhomme
> 22610 US Hwy. 281 N., Ste 211
> San Antonio, Texas 78258

Alternatively, if the registered agent of CER cannot with reasonable diligence be found at the company's registered office, CER may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11.     Prudhomme is an individual who resides in George West County, Texas and who may be served with process at:

> 22610 US Hwy 281 N., Suite 211
> San Antonio, Texas 78022

or wherever he may be found. Alternatively, Prudhomme may be served with process by serving an agent or clerk employed in his office or place of business because this action grows

out of or is connected with the business he transacts in this state. *See*, Tex. Civ. Prac. & Rem. Code § 17.021.

12.     Dinsdale is an individual who resides in Bexar County, Texas and who may be served with process at:

> 4308 Wind Valley
> San Antonio, Texas 78261

or wherever she may be found. Alternatively, Dinsdale may be served with process by serving an agent or clerk employed in her office or place of business because this action grows out of or is connected with the business she transacts in this state. *See*, Tex. Civ. Prac. & Rem. Code § 17.021.

13.     An allegation that CER committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of CER or was done in the normal course and scope of employment of CER's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

14.     According to its website, CER delivers and installs equipment for servicing valves during fracturing operations. *See generally,* Completion Equipment Rental Inc.—Home, http://completionrental.com (last visited Nov. 11, 2020).

15.     CER does business in the territorial jurisdiction of this Court.

16.     CER employed Galindo from approximately October 2019 to October 2020.

17.     CER employed Galindo as a field service technician.

18.     Prudhomme and Dinsdale were also Galindo's employer—and individually liable to him for the FLSA violations described below—because they: (1) had the authority to hire and fire CER employees, including Galindo; (2) supervised or controlled CER employee schedules or conditions of employment, including Galindo's schedule and/or conditions of employment; (3) determined the rate or method of payment for CER employees, including Galindo; and/or (4) maintained CER employee records, including Galindo's records.

19.     As a field service technician, Galindo was responsible for maintenance and operation of frac valves, test pumps, grease pumps and manifolds, and rigging up and down at the wellsite.

20.     During Galindo's employment with CER, he was engaged in commerce or in the productions of goods for commerce.

21.     During Galindo's employment with CER, the company had employees engaged in commerce or in the production of goods for commerce.

22.     During Galindo's employment with CER, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

23.     During Galindo's employment with CER, the company had an annual gross volume of sales made or business done of at least $500,000.

24.     CER paid Galindo on an hourly basis.

25.     During Galindo's employment with CER, he regularly worked in excess of forty hours per week.

26.     CER knew or should have known that Galindo worked in excess of forty hours per week.

27.     CER did not pay Galindo the entirety of his regular wages or his overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed."  29 U.S.C. § 207(a)(1).

28.     Instead, CER paid Galindo only a portion of his hours each workweek, i.e. drive/travel time and safety/toolbox meetings.

29.     In other words, CER paid Galindo for only part of his regular hours and overtime hours at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

30.     Galindo was not exempt from the maximum hour requirements of the FLSA.

31.     As a field service technician, Galindo's primary duties were nonexempt.

32.     As a field service technician, Galindo's primary duties did not include office or nonmanual work.

33.     As a field service technician, Galindo's primary duties were not directly related to the management or general business operations of CER or its customers.

34.     As a field service technician, Galindo's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

35.     As a field service technician, Galindo did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

36.     As a field service technician, Galindo was, instead, required to follow CER's policies, practices and procedures.

37.     As a field service technician, Galindo did not have any independent authority to deviate from CER's policies, practices and procedures.

38.     CER knew or should have known that Galindo was not exempt from the maximum hour requirements of the FLSA.

39.     CER willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

40.     Immediately following Galindo's complaint to CER that he was not being paid for all hours worked, including overtime, CER retaliated against Galindo by terminating him.

41.     During Galindo's employment with CER, the company did not maintain accurate time and pay records for Galindo as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

42.     During Galindo's employment with CER, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

43.     CER continued the pay practice(s) complained of by Galindo without investigation after being put on notice that the pay practice(s) violated the FLSA.

44.     CER has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

45.     Prior to this lawsuit, CER conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Galindo.

46.     Because CER willfully violated the FLSA, the company is liable to Galindo for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

47.     As a result of the FLSA violation(s) described above, CER is liable to Galindo for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

48.     All field service technicians employed by CER during the last three years are similarly situated to Galindo because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were not paid for hours they worked, including overtime as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Defendants under 29 U.S.C. § 216(b).

## V.  Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

49.     Galindo adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

50.     During Galindo's employment with CER, he was a nonexempt employee.

51.     As a nonexempt employee, CER was legally obligated to pay Galindo "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

52.     CER did not pay Galindo the entirety of his regular wages or his overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed."  29 U.S.C. § 207(a)(1).

53.     Instead, CER paid Galindo only a portion of his hours each workweek, i.e. drive/travel time and safety/toolbox meetings.

54.     In other words, CER paid Galindo for only part of his regular hours and overtime hours at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

55.     If CER classified Galindo as exempt from the maximum hour requirements of the FLSA, he was misclassified.

56.     As a result of the FLSA violation(s) described above, Defendants are liable to Galindo for back wages equal to the difference between what the company should have paid and what it actually paid.

## VI.  Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

57.     Galindo adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

58.     CER willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

59.     During Galindo's employment with CER, the company did not maintain accurate time and pay records for Galindo as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

60.     Because CER willfully violated the FLSA, Defendants are liable to Galindo for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII.  Count Three—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

61.     Galindo adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

62.     On information and belief, other employees of CER have been victimized by the FLSA violation(s) described above.

63.     These employees are similarly situated to Galindo because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

64.     CER's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

65.     Since Galindo's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

66.     For these reasons, Galindo requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All field service technicians employed by CER during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were not paid for all hours they worked.

67.     Defendants are liable to Galindo and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

68.     Galindo has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Count Four—
## Retaliation in Violation of the FLSA Under 29 U.S.C. § 215(a)(3)

69.     Galindo adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

70.     The FLSA prohibits any person from discharging or in any other matter discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA. 29 U.S.C. § 215(a)(3); *see also* 29 U.S.C. § 157 (employees may engage in protected concerted activity).

71.     In addition to the pay violations described above, CER violated the FLSA by terminating Galindo on October 15, 2020, immediately after Galindo complained to CER about not being paid properly.

72.     No other employee was terminated that day.

73.     As a result, CER is liable to Galindo "for such legal or equitable relief as may be appropriate to effectuate the purposes of [the anti-retaliation provisions of the FLSA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

### IX.  Count Five —
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

74.     Galindo adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

75.     Galindo is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

76.     Galindo is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

77.     Galindo has retained the professional services of the undersigned attorneys.

78.     Galindo has complied with the conditions precedent to recovering attorney's fees and costs.

79.     Galindo has incurred or may incur attorney's fees and costs in bringing this lawsuit.

80.     The attorney's fees and costs incurred or that may be incurred by Galindo were or are reasonable and necessary.

81.     Defendants are liable to Galindo and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX.  Relief Sought

82.     Galindo demands the following relief:

a.   an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

b.   an incentive award for Galindo for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

c.   judgment against Defendants in Galindo's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs;

d.   judgment against Defendants in Galindo's favor for lost wages, liquidated damages, reinstatement and penalties, attorney's fees, plus interest and costs;

e.   all other relief and sums that may be adjudged against Defendants in Galindo's favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: _____
Melissa Moore
State Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
State Bar No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**


Of Counsel:

Renu Tandale
State Bar No. 24107417
renu@mooreandassociates.net